IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELEONORA PETERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLACK TIE VALUE PARKING SERVICE, INC., )<br>  an Oklahoma corporation; JAY SHAW, )<br>  individually and in his official capacity; and )<br>  KEITH KERN, individually and in his official )<br>  capacity, )<br>)<br>Defendants. ) | Case No. CIV-12-809-D |

## ORDER

Before the Court is the motion to dismiss filed jointly by the defendants [Doc. No. 5], seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, who initially appeared *pro se*[1] but is now represented by counsel, timely responded to the motion.

Background:

Plaintiff, a former employee of Defendant Black Tie Value Parking Service, Inc. ("Black Tie"), asserts claims based on Title VII of the Civil Rights Act, 42 U. S. C. § 2000e ("Title VII"), alleging she was subjected to discrimination based on her gender during her employment. She also contends Defendants violated the Equal Pay Act, 29 U. S. C. § 206(d), by paying her less than similarly situated male employees, and the Fair Labor Standards Act, 29 U. S. C. § 201 *et seq*. ("FLSA"), because she did not receive the overtime compensation required by the FLSA. Additionally, Plaintiff asserts state law claims, alleging Defendants' conduct violated the Oklahoma Anti-Discrimination Act ("OADA") and constituted a common law tort pursuant to *Burk v. K-Mart*

---

[1] The Complaint was filed by Plaintiff in a *pro se* capacity, but it expressly reflects that it was drafted with the assistance of an attorney. That attorney has now entered his appearance as her counsel of record.

*Corporation*, 770 P. 2d 24 (Okla. 1989).

Defendants seek dismissal of all claims, arguing Plaintiff has failed to allege facts sufficient to state a plausible claim for relief. They further contend that, even if Plaintiff had pled sufficient facts, Defendants Jay Shaw and Keith Kern must be dismissed because supervisors and managers are not proper defendants on any of the claims asserted by Plaintiff.

In response, Plaintiff concedes that the Complaint is not artfully drafted with respect to her Equal Pay Act, FLSA,[2] and pendent state claims, but argues the Title VII allegations are sufficient to withstand dismissal under Rule 12(b)(6) because the March 5, 2012 Charge of Discrimination submitted as an exhibit to the Complaint contains factual allegations. Plaintiff also states that, on June 6, 2012, she filed another Charge of Discrimination, asserting additional claims of employment discrimination. Plaintiff seeks leave to file an amended complaint to cure the acknowledged pleading deficiencies and to assert the additional claims.

Application:

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). To state a plausible claim, Plaintiff has the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that she is entitled to relief. *Robbins*, 519 F. 3d at 1247. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth," and conclusory or speculative statements are not sufficient.

---

[2]Plaintiff concedes that she may not have a valid FLSA claim.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, Plaintiff concedes that the Complaint does not satisfy the plausibility requirements of *Twombly* in several respects, and the Court need not recite those deficiencies in detail. The motion to dismiss will be granted, and the Court will confine its consideration to her request to file an amended complaint.

Where dismissal is granted for failure to state a claim, the Court should grant leave to amend "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994)(quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Leave to amend is not, however, automatic, and may be denied where, *inter alia,* an amendment would be futile. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997). Futility exists where an amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Id.* (citations omitted).

In this case, the Court finds that leave to amend is proper to allow Plaintiff to cure the acknowledged deficiencies in the Complaint and to assert claims based on her second Charge of Discrimination. However, Plaintiff is cautioned that, contrary to her argument in response to the motion to dismiss, she must assert sufficient factual allegations to support her employment discrimination claims. She correctly argues that the plausibility requirements of *Twombly* and its progeny do not require that she establish a *prima facie* case in her complaint, nor do they eliminate the Fed. R. Civ. P. 8 standard of notice pleading. However, the Tenth Circuit has expressly held that a plaintiff asserting Title VII and other employment discrimination claims must plead sufficient

3

facts to enable the Court to determine whether relief is plausible as to those claims. *Khalik v. United Airlines,* 671 F.3d 1188, 1192 (10th Cir. 2012). Plaintiff contends the plausibility standard is satisfied in this case because she attached the Charge of Discrimination to the Complaint, and it allegedly contains sufficient facts to satisfy the notice pleading requirements of Rule 8. Plaintiff offers no authority to support this contention, and the Court does not find it persuasive. While the submission of a charge is appropriate, it does not constitute a pleading which is sufficient to satisfy the requirements of *Twombly* as expressly determined in *Khalil.*

With respect to her claims against Defendants Jay Shaw and Keith Kern, leave to amend must be denied because all claims asserted by Plaintiff may be directed only at employers. She seeks to hold both these defendants liable individually and in their official capacities as corporate president and operations manager, respectively. The Court finds that granting leave to amend to assert her claims against them is futile.

"Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Haynes v. Williams,* 88 F.3d 898, 899 (10th Cir.1996) (emphasis added). Supervisors and managers are not liable for Title VII violations, and liability is imposed only upon an employer. *Id.; see also Angove v. Williams-Sonoma, Inc.*, 70 F. App'x 500, 504 n. 1 (10th Cir. 2003) (unpublished opinion).

Similarly, the Equal Pay Act imposes liability only upon an employer, and individual supervisors and managers are not liable for a violation of the Act. The statute expressly states that "[n]o *employer* ...shall discriminate...between employees on the basis of sex by paying wages to employees...at a rate less than the rate at which he pays wages to employees of the opposite sex" for

4

equal work on jobs requiring equal skill, effort, and responsibility, so long as those jobs are performed under similar working conditions. 29 U. S. C. § 206(d)(1) (emphasis added).

The FLSA also imposes liability only on employers, as it provides that "any *employer* who violates [the minimum wage or overtime provisions] shall be liable to the employee" adversely affected. 29 U. S. C. § 216(b) (emphasis added). The FLSA contains no provision that would permit a supervisor or manager to be held liable for an FLSA violation.

Individual or supervisory liability is also not available under the OADA:

> We conclude the Legislature did not intend to make individual employees personally liable for discrimination actions brought under the OADA, which intent is apparent from a clear reading of § 1301(1) and § 1201(5) of the OADA. Section 1302 of the OADA prohibits discriminatory practices by an "employer." "Employer" is defined in § 1301(1) as "a person with more than 15 employees" and "an agent of such a person" Under § 1201(5) of the OADA, "person" includes an "individual" and a long list of entities commonly having employees. Interpreting these statutes, together, the Legislature's inclusion of "individual" simply recognizes that an individual or sole proprietor with the requisite number of employees may too qualify as an "employer" for purposes of liability under the OADA.

*Fulton v. People Lease Corp.,* 241 P. 3d 255, 261 (Okla. Civ. App. 2010). The same rule applies to *Burk* claims asserting an employee was terminated in violation of public policy. *Id.*

In this case, Plaintiff has sued her employer, Black Tie Valet Parking Service, Inc. Her claims against Jay Shaw and Keith Kern in their official capacities are redundant because such claims are claims against the employer. Claims against them in their individual capacities may not be asserted. Accordingly, their motion to dismiss is granted, and leave to amend to assert these claims against Defendants Shaw and Kern is denied.

Leave to amend to assert a *Burk* claim must also be denied as futile because, effective November 1, 2011, the Oklahoma legislature amended the OADA to create a statutory cause of action for employment-based discrimination and to abolish common law remedies for such claims.

*See* Okla. Stat. tit. 25, §§ 1101(A), 1350(A). As amended, the statute provides exclusive remedies for actions asserting employment discrimination, providing "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." Okla. Stat. tit. 25, § 1350(A). The remedies abolished include *Burk* claims. *Mazzanti v. City of Owasso*, 2012 WL 2505504, at *1 (N.D. Okla. June 28, 2012) (unpublished opinion); *Jenkins v. Legend Senior Living, LLC*, 2012 WL 1865394, at *7 (N.D. Okla. May 21, 2012) (unpublished opinion).

However, the amendment is not retroactive, and it applies only to claims accruing after its November 1, 2011 effective date. *Mazzanti*, 2012 WL 2505504, at *1; *Jenkins,* 2012 WL 1865394, at *7.  A cause of action accrues in Oklahoma when the claim can be maintained, and a claim asserting discrimination accrues when the plaintiff receives a right to sue notice from the Equal Employment Opportunity Commission or Oklahoma Human Rights Commission. *Mazzanti*, 2012 WL 2505504, at *1 (citations omitted).

In this case, Plaintiff expressly alleges that her right to sue notice was issued on April 26, 2012. Complaint at ¶ 44. Because it was received well after the November 1, 2011 effective date of the OADA amendment, she cannot pursue a *Burk* claim. Instead, she is limited to a statutory claim governed by the OADA, as amended. Therefore, it would be futile to permit her to amend in order to assert a *Burk* claim in this case, and leave to amend is denied to that extent.

Finally, the Court notes that Defendants' motion also raises questions regarding the limitations period for Plaintiff's claims. Because the allegations are unclear as to the time when the alleged actions occurred, the Court cannot rule on this contention. Plaintiff is cautioned that her amended complaint should confine the claims to the applicable limitations periods and claims which would be barred by limitations should be omitted.

Conclusion:

For the foregoing reasons, the motion to dismiss [Doc. No. 5] is GRANTED. Plaintiff is granted leave to file an amended complaint no later than 21 days from the date of this Order to cure the noted pleading deficiencies and to assert claims based on her second Charge of Discrimination.[3] Leave to amend is denied to the extent she seeks to hold Defendants Jay Shaw and Keith Kern liable on her Title VII, FLSA and Equal Pay Act claims, as well as claims based on the Oklahoma Anti-Discrimination Act. Leave to amend to assert a *Burk* claim is also denied.

IT IS SO ORDERED this 14th day of January, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff states that, at the time her response to the motion to dismiss was filed on October 16, 2012, she had not yet received a notice of right to sue with regard to her second charge. The Court anticipates that the notice has been received in the interim. If not, Plaintiff may seek appropriate relief to allow for the assertion of such claims.