# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELEONORA PETERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-809-D |
| | ) | |
| BLACK TIE VALUE PARKING SERVICE, INC., | ) | |
| an Oklahoma corporation; JAY SHAW, | ) | |
| individually and in his official capacity; and | ) | |
| KEITH KERN, individually and in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion [Doc. No. 13] of Defendant Black Tie Value Parking Service, Inc. ("Black Tie") to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Black Tie contends that the allegations in the Amended Complaint fail to state a plausible claim for relief against it.[1]  Plaintiff timely responded to the motion.

Background:

Plaintiff, a former employee of Black Tie, asserts claims based on Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), alleging that Black Tie subjected her to discrimination based on her gender during her employment.  She also contends that she was subjected to unlawful retaliation after she complained about the alleged discrimination and after she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff also alleges that Black Tie violated the Equal Pay Act, 29 U.S.C. § 206(d), by paying her less than

---

[1]In its January 14, 2013 Order [Doc. No. 11], the Court granted the defendants' motion to dismiss the Complaint, but authorized leave to amend as to some of the claims asserted.  Plaintiff then filed the Amended Complaint [Doc. No. 12] in which she lists Black Tie as the only defendant.

similarly situated male employees.   In addition, Plaintiff alleges that Black Tie's conduct violated the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §1350A, *et seq.*, as well as Oklahoma public policy.

Black Tie seeks dismissal, arguing that the Title VII, Equal Pay Act, and OADA causes of action, identified as Counts I through IV in the Amended Complaint, fail to plead sufficient facts to state a plausible claim for relief against it.   Black Tie also seeks dismissal of Plaintiff's *Burk* claim because the Court dismissed that claim from the Complaint and denied leave to amend to reassert it.

In her response, Plaintiff argues that she has pled sufficient facts to support her Title VII and Equal Pay Act claims.   However, she seeks leave to dismiss the OADA claim in Count IV, suggesting that she may later seek leave to reassert it if discovery warrants doing so.   With respect to her *Burk* claim, she contends that, despite this Court's previous ruling to the contrary, she can pursue that claim under the facts alleged.   Her arguments in support of the propriety of a *Burk* claim were rejected by the Court in the previous Order [Doc. No. 11].   As explained in detail at pages 5 and 6 of that Order, the Oklahoma legislature amended the OADA to provide exclusive remedies for actions asserting employment discrimination, stating "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished."   Okla. Stat. tit. 25, § 1350(A).   The remedies abolished include *Burk* claims.   *See, e.g., Mazzanti v. City of Owasso*, 2012 WL 2505504, at *1 (N.D. Okla. June 28, 2012) (unpublished opinion).   The OADA amendment was effective on November 1, 2011, several months before  Plaintiff received her right to sue notice from the EEOC and well in advance of the filing of this lawsuit.   Plaintiff's *Burk* claim

2

has previously been dismissed from this lawsuit, and her assertion of that claim in the Amended Complaint is unauthorized.  Count V is dismissed.

As a result of Plaintiff's voluntary withdrawal of the OADA claim in Count IV and the Court's dismissal of Count V, the Court will address the motion to dismiss the Title VII and Equal Pay Act claims in Counts I through III.

Standards governing Rule 12(b)(6) motions:

To avoid dismissal pursuant to  Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma,* 519 F. 3d 1242, 1247 (10th Cir. 2008).  To state a plausible claim, the Plaintiff has the burden to frame a "complaint with enough factual matter (taken as true) to suggest" that she is entitled to relief. *Robbins,*  519 F. 3d at 1247.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U. S. at 555.  Thus, plaintiffs  must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570;  *Robbins,* 519 F. 3d at 1247.

The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint has not  shown that the plaintiff is entitled to relief. *Id.*  The Court need not accept as true the assertions

in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 554-555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not recite "detailed factual allegations, but the factual allegations must be enough to raise the right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir.2009) (internal quotation marks omitted).

Application:

Black Tie argues that dismissal is warranted because the Amended Complaint does not cure the pleading deficiencies noted in the Order [Doc. No. 11] dismissing the original Complaint. It contends that most of the paragraphs in the Amended Complaint are essentially the same as those in the Complaint, with the addition of new allegations reflecting the contentions in her second Charge of Discrimination filed with the EEOC.[2]   Black Tie notes that  many of her allegations describe occurrences during her employment, but it contends that she fails to relate these occurrences to a claim that any adverse event was related to her gender.

The Court agrees that  the Amended Complaint includes descriptions of events or actions which Plaintiff views as constituting negative treatment, but Plaintiff fails  to allege that the adverse treatment was related to her gender or constituted retaliation for her complaint of gender discrimination.   For example, Plaintiff alleges that she reported to her supervisors that other

---

[2]The addition of allegations related to the new charge was permitted by the Court upon Plaintiff's request, as she had not received a Notice of Right to Sue as to that charge when the Complaint was filed. Black Tie argues that the EEOC documents attached to the Amended Complaint reflect that its investigation showed Black Tie stated Plaintiff was terminated after customers complained about her conduct, and it contends this also supports dismissal.  While this  may be raised as an issue in this case, the Court does not find that it warrants dismissal on Rule 12(b)(6) grounds.

employees engaged in drug use while working, and no corrective action was taken.   Amended Complaint at ¶¶ 13-14.   There is no factual allegation that this was in any way related to Plaintiff's gender, and her report to the supervisors cannot be construed as constituting a complaint of gender discrimination.

However, the Amended Complaint contains other detailed allegations in support of Plaintiff's Title VII and Equal Pay Act claims.   She alleges facts to support Black Tie's purported refusals to promote Plaintiff while promoting male employees and facts regarding its placement of Plaintiff in specific job locations which she contends were less favorable than those assigned to male employees.   She specifically alleges that male employees with less seniority were promoted and/or paid higher salaries than Plaintiff.   She also cites specific instances where she was subjected to inappropriate gender-based comments by male employees, and she contends this created a hostile work atmosphere.   Additionally, she cites several instances in which she complained to her supervisor about what she perceived as improper gender-based conduct by male employees, and she alleges that no corrective action was taken.

Although Plaintiff must support her claims with factual contentions, *Tombly* and *Iqbal* do not alter the notice pleading requirements of Fed. R. Civ. P. 8(a).   *Khalik v. United Air Lines,* 671 F.3d 1188, 1191-92 (10th Cir. 2012).   Plaintiff need not plead all specific facts in support of a claim. *Id.*   Instead, she must include sufficient factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."   *Khalik,* 671 F.3d at 1191-92 (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Despite the inclusion of allegations in the Amended Complaint which appear unrelated to her gender-based claims, Plaintiff has alleged sufficient facts to give Black Tie fair notice of her Title VII and Equal Pay Act claims and the grounds upon which they

rest.  The Court finds that there are sufficient factual contentions to state a plausible claim for relief against Black Tie as to Counts I, II, and III of the Amended Complaint.

The Court also notes that its Order dismissing the Complaint focused primarily on the fact that Plaintiff improperly asserted some claims against individual co-workers and supervisors, and liability under Title VII and the Equal Pay Act extends only to the employer.  Plaintiff has corrected those deficiencies by omitting the individual defendants and asserting her claims against Black Tie as her employer.

Conclusion:

For the foregoing reasons, the motion to dismiss [Doc. No. 13] is granted in part and denied in part.  The motion is granted as to Plaintiff's OADA and *Burk* claims in Counts IV and V.  The motion is denied as to Plaintiff's Title VII discrimination and relation claims, set out in Counts I and II, and her Equal Pay Act claim in Count III.  This action will proceed on the claims in Counts I, II, and III.  Black Tie is directed to file its answer according to the deadlines prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this 26th day of August, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE